IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV521-01-MU

| | |
|---|---|
| RASHAD MIMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| JERRY WILLIAMS, et al., | ) |
| | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1), filed November 18, 2008.

Plaintiff's Complaint consists of a list of numerous, unrelated incidents relating to his living conditions in the Henderson County Jail and includes scant facts or details in support of these claims. Plaintiff complains that "the defendants allow [him] no access to a law library or any legal materials whatsoever." Plaintiff also asserts that "the defendants have coordinated a plan in place wherein they place certain persons, convicted in advance, charged with serious crimes, into the disciplinary segregation block." In addition, Plaintiff complains that he is not allowed television, radio, or books to help pass his time. Plaintiff further contends that due to his race he is repeatedly locked up because of the rule infractions of other inmates. Plaintiff states that he has been denied mental health care. He also complains about unsanitary living conditions in general – for example he states he has been denied cleaning supplies and the ability to clean and sanitize his cell. Plaintiff also complains about an alleged inadequate quantity of his food and the nutritious value of the food served. Plaintiff

further complains that other inmates make excessive noise. Plaintiff also alleges that the jail does not have an adequate grievance system. Plaintiff complains women are not subjected to the same harsh conditions as he is. Finally, Plaintiff alleges that Defendants allow employees of the jail open and inspect legal mail.

While it is true that under Rule 8 of the Federal Rules of Civil Procedure a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief," even under the more liberal and forgiving pleading standards, sufficient facts must be included in the statement of claim "[to] give the defendants fair notice of what the claim is and the grounds upon which it rests." Conley v. Ginson, 355 U.S. 41, 47 (1957). Additionally, although the Court must assume that factual allegations in the complaint are true, it need not assume that a plaintiff "can prove facts that [are] not alleged or that the defendants have violated the . . . law [] in ways that have not been alleged." Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cir. 1994)(quoting Associated Gen. Contractors v. California State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Plaintiff's Complaint contains scant factual support for his list of unrelated complaints concerning living conditions. Moreover, his Complaint fails to state a claim for relief. Consequently, for the reasons stated in this Order, Plaintiff's Complaint must be dismissed.

Plaintiff first alleges that Defendants Williams and Cochran have denied him access to a law library and law materials. Besides failing to connect the allegations to any specific action by the Defendants, Plaintiff's allegations fail to state a claim in general. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful

legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828 (emphasis added); Strickler v. Waters, 989 F.2d 1375, 1385 (4th Cir. 1993)("Bounds did not hold that there is a right of access to a law library; it held that there is a right of access to the courts. It does not inexorably follow from the fact that an institution's library is inadequate or that access to that library is restricted . . . that the prisoner was denied access to the courts."). The State of North Carolina has established the North Carolina Prisoner Legal Services which provides inmates with the constitutionally mandated level of assistance necessary to protect their meaningful access to the court. See Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995), aff'd, 92 F.3d 1184 (4th Cir. 1996), cert. denied, 519 U.S. 1136 (1997). Consequently, regardless of the lack of a law library at the facility where Plaintiff is incarcerated, his claim must fail. In addition, Plaintiff's claim also fails because he fails because he does not set forth any actual injury that he has suffered. See Lewis v. Casey, 518 U.S. 343,352-54 (1996)( to prevail on a denial of access to the courts claim, a Plaintiff must be able to establish actual injury).

Plaintiff also alleges that Defendants Williams and Cochran place individuals charged with serious crimes into disciplinary segregation blocks. As a result, Plaintiff states that he is unable to use the phone, television, radio, and books. Again, Plaintiff fails to connect his allegation with any action of these specific Defendants and this claim is dismissed on this basis. In addition, Plaintiff does not allege that this was a form of punishment. In any event, segregated confinement does not per se amount to cruel and unusual punishment. See In re: Long Term Admin. Segregation on Inmates, 174 F.3d 464, 471-72 (4th Cir. 1999); see also, Gannon v. McDaniels, No. 7:08cv570, 2008 WL 5262693 * 3 (W.D. Va. Dec. 17, 2008). As such, based upon the facts provided by Plaintiff, he has failed to state a claim.

3

Plaintiff also alleges that he is an African-American in a jail with an all white staff. He contends that he is repeatedly locked up because of the violations of other inmates.[1] Plaintiff appears to be asserting an equal protection claim. To prevail on such a claim, a plaintiff must show that a particular defendant acted with discriminatory purpose. McClesky v. Kemp, 481 U.S. 279, 291 (1987). Conclusory allegations of racial bias do not suffice to assert the existence of a discriminatory claim. Minority Police Officers Ass'n v. City of So. Bend, 801 F.2d 964, 967 (7th Cir. 1986). Plaintiff's conclusory assertion is insufficient to assert a claim.

Plaintiff also alleges that Defendants Williams, Cochran, and Stiles have denied him medical care. More specifically, Plaintiff alleges that Defendant Stiles told him that the Henderson County Jail does not provide mental health care. Again, Plaintiff does not allege how these Defendants were responsible for the alleged violation of his constitutional right. Moreover, Plaintiff does not state a claim of deliberate indifference to a serious medical need. A prisoner states a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). An Eighth Amendment violation occurs only if the medical need is serious. See Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). Plaintiff does not allege any specific injury, much less a serious medial need, for which he was denied medical care. A vague assertion by Plaintiff that he needs mental health care is wholly insufficient to establish the existence of a serious medical need. In addition, a plaintiff must prove that a defendant was aware of facts showing a risk of harm and also drew the inference that a substantial risk of harm existed. See Johnson v. Quinones, 145 F.3d 164, 167-68 (4th Cir.

---

[1] This assertion appears to contradict his earlier assertion that inmates charged with serious crimes are placed in segregation.

1998). Here, Plaintiff does not allege any excessive risk to his health or safety. Nor does he allege that any alleged indifference was deliberate. The mere fact that he asked for mental health treatment and was denied is not sufficient to establish deliberate indifference. Consequently, Plaintiff has failed to state a claim for relief under the Eighth Amendment.

Plaintiff also alleges that his jail jumpsuit is only washed once a week and that he is not provided cleaning supplies to sanitize his cell. To be sure, sanitation conditions are serious, however, in order to state a constitutional violation, such conditions must cause serious deprivation to which prison officials are deliberately indifferent. See Wilson v. Seiter, 501 U.S. 294, 304-05 (1991). Leaking ceilings, pigeons sometimes nesting in the building, occasional mold in showers, old buildings, and single exit from cellhouse, were found not constitutionally significant. See Shrader v. White, 761 F.2d 975, 983-84 (4th Cir. 1985). Here, Plaintiff simply listed, among his other complaints, that his jumpsuit is only washed once a week and he is not provided cleaning supplies so that he can clean his cell. Plaintiff has not stated any significant deprivation, therefore his claim shall be dismissed.

Plaintiff's claim regarding his food also must fail. Plaintiff claims that Defendants Williams and Cochran provide inadequate nutrition and quantities of food despite the fact that jail guards, police officers, court officials, and others are provided "lavish and exorbitant meals." As an example, Plaintiff asserts that inmates typically only receive two pieces of bread, an egg, and grits for breakfast. As an initial matter, the Court notes that in and of itself such a meal appears entirely adequate. Morever, Plaintiff does not allege any illness or injury with respect to the quantity of food he received. In order to state a claim for inadequate food, a plaintiff must show that the deprivation is serious and that the defendant was deliberately indifferent to a need. See Wilson v. Seiter, 501

U.S. 294, 302-03 (1991); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993)(in the absence of alleging deleterious effects, the allegation that a prisoner received three meals a day during workweek and two meals per day on weekends and holidays did not state a cruel and unusual punishment claim under the Eighth Amendment). Plaintiff has not satisfied these elements in his conlcusory Complaint.

Plaintiff also alleges that Defendants Williams and Cochran allow excessive banging noise by other inmates which constitutes cruel and unusual punishment for Plaintiff. Plaintiff's claim does not state a constitutional violation. Generally speaking, in order to state a claim for a violation of the Eighth Amendment based on cruel and unusual living conditions, the conditions must rise to the level of a deprivation of a basic human need. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). Furthermore, pursuant to 42 U.S.C. § 1997(e), a prisoner cannot maintain a § 1983 action for mental or emotional injury absent physical injury. Plaintiff has not alleged any physical injury resulting from the alleged banging.

Next Plaintiff alleges that Defendants Williams and Cochran have denied him due process because the grievance system at the Henderson County Jail is a sham. There is no constitutional right to a grievance procedure. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). As such, Plaintiff's allegation fails to state a claim.

Plaintiff also alleges that women charged with violent crimes are not subjected to the same treatment he has been. Plaintiff's conclusory allegation is wholly insufficient to state a claim. A vague assertion that women who have been charged with violent crimes are treated better simply fails to state a constitutional claim. See McKlesky v. Kemp, 481 U.S. 279, 292 (1987)(to prevail on an equal protection claim a plaintiff must show that a particular defendant acted with

discriminatory purpose).

Finally, Plaintiff complains that Defendants Williams and Cochran routinely open legal mail outside his presence. Plaintiff provides no specifics with regard to this claim. At a minimum, Plaintiff's claim must be dismissed because he fails to articulate an actual injury in connection with this claim. White v. White, 886 F.2d 721, 723 (4th Cir. 1989).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim for relief.

Signed: February 23, 2009

Graham C. Mullen
United States District Judge